KAREN P. HEWITT
United States Attorney
REBECCA S. KANTER
Assistant U.S. Attorney
California State Bar No. 230257
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-6747
Fax: (619) 235-4716
E-mail: rebecca.kanter@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr1720-W |
|---|---|---|
| Plaintiff, | ) | **GOVERNMENT'S NOTICE OF MOTION AND MOTION FOR:** |
| v. | ) | **(1) FINGERPRINT EXEMPLARS** |
| JESUS CORONA-RIVERA, | ) | **(2) RECIPROCAL DISCOVERY** |
| Defendant. | ) | **TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| | ) | Date: July 7, 2008<br>Time: 2:00 p.m.<br>Courtroom: 7<br>The Honorable Thomas J. Whelan |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby files its Motion for Fingerprint Exemplars and Reciprocal Discovery in the above-referenced case. This Motion is based upon the files and records of this case, together with the attached Statement of Facts and Memorandum of Points and Authorities.

//
//
//
//

Criminal Case No. 08cr1720-W

# I

# STATEMENT OF FACTS

## A. Defendant's Apprehension

On April 6, 2008, at approximately 3:00 a.m., a scope operator viewed five individuals running north from an area known as "Whiskey 8," about two miles west of the San Ysidro Port of Entry and one-half mile north of the United States/Mexico border. Border Patrol Agent Alvaro Arauz responded to the area and found five individuals concealing themselves in the brush. All individuals, including one later identified as Jesus Corona-Rivera ("Defendant"), admitted to being citizens of Mexico with no immigration documents permitting them to be in the United States. At approximately 3:10 a.m., all five individuals were arrested and transported to the Imperial Beach Border Patrol Station for processing.

## B. Defendant's Criminal and Immigration Record

Defendant has an extensive criminal record which includes four federal convictions for Illegal Entry or Illegal Re-entry. Specifically, Defendant was convicted on October 20, 2003 in the Southern District of California of Illegal Entry in violation of 8 U.S.C. § 1325 and sentenced to 48 months custody by the Honorable John S. Rhoades. On March 25, 1998, he was convicted in the District of Arizona for Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326 and sentenced to 63 months custody. He also sustained a conviction on March 20, 1995 in the Southern District of California for Illegal Re-Entry in violation of 8 U.S.C. § 1325 and was sentenced to 24 months custody by the Honorable Irma E. Gonzalez. Defendant's first conviction for Illegal Entry was on December 27, 1985 in the Southern District of California, for which he received a sentence of 30 days custody.

In addition, Defendant has three prior convictions for Selling Marijuana in violation of California Health & Safety Code Section 11360(a) on November 25, 1990, May 14, 1990, and August 4, 1988, all in San Diego Superior Court. Defendant was also convicted for Burglary in violation of California Penal Code Section 459 on February 10, 1989, and Vehicle Theft in violation of California Vehicle Code Section 10851(a) on November 4, 1993.

Defendant was ordered removed by Immigration Judge Kenneth A. Bagley on March 9, 1995. He was removed from the United States to Mexico on numerous occasions, most recently on May 23,

2007.

**C.     Defendant's Post-Arrest Interview**

On April 6, 2008, at approximately 8:55 a.m., Agent Arauz advised Defendant that he was going to be charged criminally and his administrative rights did not apply. Defendant was advised of his Mrianda rights in Spanish and agreed to waive his rights and answer questions without an attorney present. Defendant admitted to being a citizen and national of Mexico with no documents permitting him to enter or remain in the United States. He said he was born in Hermosillo, Sonora, Mexico. He admitted to being previously deported and said he was heading to San Diego.

**II**

**UNITED STATES' MOTIONS**

**A.     FINGERPRINT EXEMPLARS**

The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427 F.3d 567, 576-77 (9th Cir. 2005) (Government may have defendant fingerprinted and use criminal and immigration records in Section 1326 prosecution). The privilege against self-incrimination only applies to testimonial evidence. See Schmerber v. California, 384 U.S. 757, 761 (1966) (withdrawal of blood is not testimonial). Identifying physical characteristics, including fingerprints, are not testimonial in nature and the collection and use of such evidence does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969).

**B.     RECIPROCAL DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations. On April 11, 2008, in connection with a related case (08cr1423-W), the Government produced 78 pages of discovery for Defendant which included the reports from the Border Patrol Agents, summaries of the statements made by Defendant, documentation regarding Defendant's criminal history and conviction documents. Furthermore, the Government sent a letter on June 24, 2008 to the arresting agency requesting that the arresting agency provide additional evidence, including access to Defendant's A-file, that the Government may introduce in its case-in-chief or that may be material to the defense. The Government moves the Court to order Defendant to provide all reciprocal discovery to which the United

1 States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendant to disclose to the United
2 States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the
3 trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the
4 defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

## III

## CONCLUSION

For the foregoing reasons, the Government requests that the Court grant the Government's motion for reciprocal discovery and compelling the Defendant to provide a fingerprint exemplar.

DATED: June 26, 2008.

          Respectfully submitted,

          KAREN P. HEWITT
          United States Attorney

          /s/***Rebecca Kanter***
          REBECCA S. KANTER
          Assistant United States Attorney
          Attorneys for Plaintiff
          United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr1720-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| JESUS CORONA-RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **MOTION FOR FINGERPRINT EXEMPLARS AND RECIPROCAL DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Erick Guzman, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 26, 2008.

/s/ *Rebecca Kanter*
REBECCA S. KANTER