1  KAREN P. HEWITT
   United States Attorney
2  REBECCA S. KANTER
   Assistant U.S. Attorney
3  California State Bar No. 230257
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Phone: (619) 557-6747
   Fax: (619) 235-2757
6  E-mail: rebecca.kanter@usdoj.gov

7
   Attorneys for Plaintiff
8  United States of America

9
                    UNITED STATES DISTRICT COURT
10
                   SOUTHERN DISTRICT OF CALIFORNIA
11

12 | UNITED STATES OF AMERICA,   )   Criminal Case No. 08cr1720-W
                                 )
13 |         Plaintiff,           )   **GOVERNMENT'S NOTICE OF MOTION**
                                 )   **AND MOTION FOR:**
14 |    v.                        )   **(1) FINGERPRINT EXEMPLARS**
                                 )   **(2) RECIPROCAL DISCOVERY**
15 | JESUS CORONA-RIVERA,         )
                                 )   **TOGETHER WITH STATEMENT OF FACTS**
16 |                              )   **AND MEMORANDUM OF POINTS AND**
             Defendant.           )   **AUTHORITIES**
17                               )
                                 )   Date:     September 2, 2008
18                               )   Time:     2:00 p.m.
                                 )   Courtroom: 7
19 |_____)   The Honorable Thomas J. Whelan

20       COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

21 United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Rebecca S. Kanter, and hereby

22 files its Response and Opposition to Defendant's Motion for Discovery in the above-referenced case.

23 This Motion is based upon the files and records of this case, together with the attached Statement of

24 Facts and Memorandum of Points and Authorities.

25 / /

26 //

27 //

28 //

                                                                    Criminal Case No. 08cr1720-W

# I

# STATEMENT OF FACTS

### A. Defendant's Apprehension

On April 6, 2008, at approximately 3:00 a.m., a scope operator viewed five individuals running north from an area known as "Whiskey 8," about two miles west of the San Ysidro Port of Entry and one-half mile north of the United States/Mexico border. Border Patrol Agent Alvaro Arauz responded to the area and found five individuals concealing themselves in the brush. All individuals, including one later identified as Jesus Corona-Rivera ("Defendant"), admitted to being citizens of Mexico with no immigration documents permitting them to be in the United States. At approximately 3:10 a.m., all five individuals were arrested and transported to the Imperial Beach Border Patrol Station for processing.

### B. Defendant's Criminal and Immigration Record

Defendant has an extensive criminal record which includes four federal convictions for Illegal Entry or Illegal Re-entry. Specifically, Defendant was convicted on October 20, 2003 in the Southern District of California of Illegal Entry in violation of 8 U.S.C. § 1325 and sentenced to 48 months custody by the Honorable John S. Rhoades. On March 25, 1998, he was convicted in the District of Arizona for Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326 and sentenced to 63 months custody. He also sustained a conviction on March 20, 1995 in the Southern District of California for Illegal Re-Entry in violation of 8 U.S.C. § 1325 and was sentenced to 24 months custody by the Honorable Irma E. Gonzalez. Defendant's first conviction for Illegal Entry was on December 27, 1985 in the Southern District of California, for which he received a sentence of 30 days custody.

In addition, Defendant has three prior convictions for Selling Marijuana in violation of California Health & Safety Code Section 11360(a) on November 25, 1990, May 14, 1990, and August 4, 1988, all in San Diego Superior Court. Defendant was also convicted for Burglary in violation of California Penal Code Section 459 on February 10, 1989, and Vehicle Theft in violation of California Vehicle Code Section 10851(a) on November 4, 1993.

Defendant was ordered removed by Immigration Judge Kenneth A. Bagley on March 9, 1995. He was removed from the United States to Mexico on numerous occasions, most recently on May 23,

1  2007.

2  **C.    <u>Defendant's Post-Arrest Interview</u>**

3  On April 6, 2008, at approximately 8:55 a.m., Agent Arauz advised Defendant that he was going
4  to be charged criminally and his administrative rights did not apply. Defendant was advised of his
5  Mrianda rights in Spanish and agreed to waive his rights and answer questions without an attorney
6  present. Defendant admitted to being a citizen and national of Mexico with no documents permitting
7  him to enter or remain in the United States. He said he was born in Hermosillo, Sonora, Mexico. He
8  admitted to being previously deported and said he was heading to San Diego.

**II**

**DEFENDANT'S MOTION FOR DISCOVERY**

The Government has and will continue to fully comply with its discovery obligations under Rule 16, <u>Brady v. Maryland</u>, and <u>Giglio v. United States</u>. On April 11, 2008, in connection with a related case (08cr1423-W), the Government produced 78 pages of discovery for Defendant which included the reports from the Border Patrol Agents, summaries of the statements made by Defendant, documentation regarding Defendant's criminal history and conviction documents. Furthermore, the Government sent a letter on June 24, 2008 to the arresting agency requesting that the arresting agency provide additional evidence, including access to Defendant's A-file, that the Government may introduce in its case-in-chief or that may be material to the defense.

On June 26, 2008, the United States produced an additional 155 pages of discovery consisting primarily of documents from Defendant's A-file. Finally, on August 25, 2008, the United States produced an audio tape of Defendant's deportation hearing before an immigration judge.

Defendant requests that the United States provide him with access to his Alien Registration File ("A-File"). [Def's Mem. P. & A. at 2.] The United States objects to this request. This information is equally available to Defendant through a Freedom of Information Act request. Even if Defendant could not obtain the A-File through such a request, the A-File itself is not discoverable under Rule 16, <u>Brady</u> or any other constitutional or statutory provision. The United States has disclosed A-file documents it intends to use in its case-in-chief as well as every other A-file document that might conceivably be of value, that constitutes <u>Brady</u> material and A-file documents that fall under Rule 16.

1    Although the United States will disclose relevant A-file *documents*, the A-file itself need not be
2 disclosed. The A-File contains information that is not discoverable like internal government documents
3 and witness statements. *See* Fed. R. Crim. P. 16(a)(2). Witness statements would not be subject to
4 production until after the witness for the United States testifies and provided that a proper motion is
5 made by Defendant. *See* Fed. R. Crim. P. 16(a)(2) and 26.2. Defendant does not own the A-File,
6 rather, it is an agency record. *Cf.* United States v. Loyola-Dominguez, 125 F.3d 1315 (9th Cir. 1997)
7 (noting that A-File documents are admissible as public records). Of course, should the Court order
8 inspection of relevant documents from the A-File, the United States will facilitate the inspection as it
9 does in other cases.

## III

## CONCLUSION

For the foregoing reasons, the Government requests that the Court deny Defendant's motion except where unopposed..

DATED: August 25, 2008.

                                      Respectfully submitted,

                                      KAREN P. HEWITT
                                      United States Attorney

                                      /s/***Rebecca Kanter***
                                      REBECCA S. KANTER
                                      Assistant United States Attorney
                                      Attorneys for Plaintiff
                                      United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08cr1720-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| JESUS CORONA-RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, REBECCA S. KANTER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Erick Guzman, Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2008.

/s/ *Rebecca Kanter*
REBECCA S. KANTER