# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br>JESUS CORONA-RIVERA,<br><br>    Defendant. | CASE NO. 08cr1720 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the court is the motion for new trial filed by Defendant Jesus Corona-Rivera. (Doc. # 49).

**BACKGROUND FACTS**

On May 28, 2008, the grand jury returned an indictment charging that the Defendant, an alien, was found in the United States without permission of authorities in violation of 8 U.S.C. Section 1326 (a) and (b).

On March 10, 2009, the Court commenced a jury trial during which the United States presented a number of witnesses and exhibits, including a certificate of non-existence of record Exhibit 10.

On March 10, 2009, the jury returned a verdict of guilty of deported alien found in the United States as charged in the Indictment.

On June 25, 2009, the United States Supreme Court issued its decision in *Melendez-Diaz v. Massachusetts*, _ U.S. _, 129 S.Ct. 2527 (June 25, 2009) holding that it was error for

1  the trial court to admit three "certificates of analysis" showing the results of the forsensic
2  analysis performed on seized substances in a cocaine trafficking trial. *Id.* at 2531. The
3  Supreme Court found that "[t]he 'certificates' are functionally identical to live, in-court
4  testimony, doing precisely what a witness does on direct examination." *Id.* at 2532 (quotations
5  and citations omitted). The Supreme Court concluded that admission of the certificates
6  violated the defendant's right of confrontation under the Sixth Amendment and that "[a]bsent
7  a showing that the analysts were unavailable to testify at trial *and* that petitioner had a prior
8  opportunity to cross-examine them, petitioner was entitled to 'be confronted with' the analysts
9  at trial." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 54, 124 S.Ct. 1354 (2004)). "The
10 Sixth Amendment does not permit the prosecution to prove its case via *ex parte* out-of-court
11 affidavits, and the admission of such evidence ... was error." 129 S.Ct. at 2542. The Supreme
12 Court reversed the judgment and remanded to the state court for further proceedings stating
13 that "[w]e ... express no view as to whether the error was harmless." *Id.* at 2542 n. 14.

14 On June 28, 2009, Defendant moved the Court for a new trial on the grounds that the
15 admission of Exhibit 10 certificate of non-existence violated his right of confrontation under
16 the Sixth Amendment of the United Sates Constitution. The Government contends that the
17 Court should deny the motion for a new trial on the grounds that any error was harmless. The
18 Government contends that significant additional evidence at trial supported the jury's finding
19 that Defendant had not reapplied for lawful entry.

## ANALYSIS

21 Rule 33(a) of the Federal Rules of Criminal Procedure states in part "[u]pon the
22 defendant's motion, the court may vacate any judgment and grant a new trial if the interest of
23 justice so require." A motion to grant a new trial is left to the discretion of the district court,
24 however, "[i]t should only be granted in exceptional cases in which the evidence preponderates
25 heavily against the verdict." *United States v. Pimental,* 654 F.2d 538, 545 (9th Cir. 1981).

26 The United States Supreme Court has applied the harmless-error standard to cases in
27 cases involving Confrontation clause errors. *See Delaware v. Van Arsdall,* 475 U.S. 673, 680,
28 106 S.Ct. 1431, 1436 (1986). "The harmless error doctrine recognizes the principle that the

central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence ... and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." *Id.* at 681 (citation omitted).

In this case, the jury found beyond a reasonable doubt that "the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States" (Doc. # 39). Assuming that it was error to admit the certificate of non-existence to prove that the Defendant had not applied for admission into the United States, this Court must determine whether this court "may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." *Id*. At trial, Agent Sanchez testified that he personally reviewed the Defendant's A-file and searched databases which would show whether the Defendant had applied for permission to re-enter after his prior deportation. Agent Sanchez testified that the Defendant's A-file and relevant databases did not contain any document indicating that the Defendant had reapplied for permission to reenter. The certificate of non-existence confirmed the results of same search Agent Sanchez had conducted. In addition, the Defendant admitted at the time of his arrest that he had no immigration documents for lawful admission into the United States. The evidence presented at trial showed that the Defendant was apprehended by border patrol agents and admitted that he was illegally in the United States. The evidence in the certificate of non-existence was cumulative of the testimony of Agent Sanchez and Defendant's admissions. The Court confidently concludes, on the whole record, that any constitutional error from the admission of the certificate of non-existence was harmless beyond a reasonable doubt.

IT IS HEREBY ORDERED that the motion for new trial filed by Defendant Jesus Corona-Rivera (Doc. # 49) is denied.

DATED: October 26, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge